Filed 8/1/14  P. v. Emerson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075271 |
| v. | (Super. Ct. No. CRF132186) |
| ERIC LAMAR EMERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eric Lamar Emerson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

In March 2013, defendant (a registered sex offender) told his parole officer, John Carbone, that he was moving to West Sacramento. Carbone told defendant he would need to register his new address in West Sacramento no later than April 1, 2013. Shortly thereafter, Carbone lost contact with defendant.

Defendant failed to register his new address. Accordingly, at Carbone's request, on May 29, 2013, West Sacramento Police Detective Eric Angle and Detective Palmer went to a trailer park in West Sacramento, looking for defendant. Angle thought he saw defendant walking down the street, but was unsure; he and Palmer then made their way toward the residence of Jim Gipson, defendant's uncle. At the Gipson residence, they learned defendant had walked to the store. Palmer found defendant at the store and brought him back to the Gipson residence.

Angle interviewed Gipson, who told Angle that he, defendant, and another relative moved to West Sacramento on March 20, 2013. He confirmed that defendant had been living with him since that date.

Angle also interviewed defendant. Defendant told Angle he moved to West Sacramento with Gipson after he was evicted from his Sacramento residence. Defendant acknowledged he had a duty to register as a sex offender; he registered in Sacramento following his release from prison but failed to register in West Sacramento. Defendant never told Angle that Carbone gave him permission not to register in West Sacramento. Upon further investigation, Angle found no evidence that Carbone ever told defendant he was not required to register in West Sacramento.

Defendant was subsequently arrested and charged with failing to update his sex offender registration. (Pen. Code, § 290.013, subd. (a).) The People further alleged defendant served seven prior prison terms. (Pen. Code, § 667.5, subd. (b).) Defendant pleaded no contest to the charge in exchange for the low term of 16 months in state prison. The trial court ordered defendant to pay various fines and fees, awarded him a

total of 285 days of presentence custody credit, and dismissed the enhancement allegation.

Defendant appeals; the trial court denied his request for a certificate of probable cause.

                                        II

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

                                  DISPOSITION

The judgment is affirmed.


                                           _____MAURO_____, J.


We concur:


_____BUTZ_____, Acting P. J.


_____DUARTE_____, J.


                                        3